IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| BRUCE JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:20cv994-MHT |
| | ) | (WO) |
| ALEKSEY SOKHONCHUK and | ) | |
| ROMARK TRANSPORTATION, | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Upon recent review of this case, it has come to the court's attention that the allegations of the notice of removal are insufficient to invoke this court's removal jurisdiction under 28 U.S.C. §§ 1332 (diversity of citizenship) and 1441 (removal).  To invoke removal jurisdiction based on diversity, the notice of removal must distinctly and affirmatively allege each party's citizenship.  *See McGovern v. American Airlines, Inc.*, 511 F. 2d 653, 654 (5th Cir. 1975) (per curiam).[1]  The

---

1. In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit

allegations must show that the citizenship of each
plaintiff is different from that of each defendant.
*See* 28 U.S.C. § 1332; *see also* 2 James Wm. Moore, et
al., Moore's Federal Practice ¶ 8.03[5][b] at 8-10 (3d
ed. 1998).

The notice of removal fails to meet this standard.
The notice states the "residence" rather than the
"citizenship" of defendant Aleksey Sokhonchuk. An
allegation that a party is a "resident" of a State is
not sufficient to establish that a party is a "citizen"
of that State. *See Travaglio v. Am. Exp. Co.*, 735 F.3d
1266, 1269 (11th Cir. 2013) ("Residence alone is not
enough.") (citation omitted); *Taylor v. Appleton*, 30
F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not
residence, is the key fact that must be alleged in the
complaint to establish diversity for a natural

---

Court of Appeals adopted as binding precedent all of
the decisions of the former Fifth Circuit handed down
prior to the close of business on September 30, 1981.

person.").[2]

***

It is therefore the ORDER, JUDGMENT, and DECREE of the court that the removing party has until September 28, 2021 to amend the notice of removal to allege jurisdiction sufficiently, 28 U.S.C. § 1653; otherwise this lawsuit shall be remanded to state court.

DONE, this the 14th day of September, 2021.

                                    /s/ Myron H. Thompson
                              UNITED STATES DISTRICT JUDGE

---

2. "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction. ... And domicile requires both residence in a state and 'an intention to remain there indefinitely....'" *Travaglio*, 735 F.3d 1266, 1269 (quoting *McCormick v. Aderholt*, 293 F.3d 1254, 1257, 1258 (11th Cir. 2002)) (internal citation omitted)